## John W. Rhoads, Plff. in Err., *v.* Commonwealth of Pennsylvania.

While a general verdict of guilty under an indictment will presume that all the elements of the offense have been found, a special verdict must find all the facts essential to support the charge.

And while a verdict of guilty of selling liquor without a license is suffi-

NOTE.—It is an interesting question how far the act of 1875 has modified the previous legislation in regard to the imposition of penalties.

The decisions on this point are few and the discussions of the question

cient where the indictment charges the defendant with selling liquor without a license generally, and as an ordinary person, it is not sufficient where the defendant is indicted specifically as a druggist for selling liquor without a license, to be used as a beverage; and sentence on such a verdict will be set aside.

Where the defendant is in jeopardy under the indictment and evidence, he cannot be again tried under the same indictment; and he will be discharged without day in such case, where the original proceedings are reversed.

The defendant in this case was sentenced by the court below under the act of April 12, 1875.

(Decided October 4, 1886.)

Error to the Quarter Sessions of Clearfield County to review a judgment on a verdict of guilty on an indictment for violation of the liquor laws.     Reversed.

meager.   The point was presented in Flacke v. Com. 2 Chester Co. Rep. 388, 3 Pennyp. 498.

In that case the defendant, who was a bottler of beer, was convicted of selling malt and brewed liquor without a license, and sentenced to a fine of $200, under the act of April 12, 1875.   The supreme court, in a *per curiam* opinion, affirmed the judgment on the opinion of the court below. The question of the penalty, however, was not discussed in the opinion below and not referred to by the supreme court; and the point does not seem to have been discussed by counsel, although made one of the assignments of error.

The question came up again in Seifried v. Com. 101 Pa. 200; Judge TRUNKEY there says: "The penalty [of the act of 1875] is expressly denounced against those who violate this law; and the indictment may properly charge that the offender sold without license.   The act of 1875 declares that none of its provisions shall authorize the sale of intoxicating liquors in any municipality having special prohibitory laws, and in the entire act there is no sign of intendment to repeal the vindicatory parts of such laws."

Sifred v. Com. 104 Pa. 179, decides that the act of 1875 did not repeal the penalty under the act of February 26, 1855, prohibiting the sale of liquor on Sunday. MERCUR, C. J., says: "The act clearly indicates an intention to present separately the different requirements of the law and to provide a specific penalty for the violation of each.   Thus the punishment prescribed in § 4 was designed to apply to violations of the law under previous sections of the act.   Section 6 made certain acts a crime and immediately provided a specific penalty therefor.   In like manner § 7 created an offense and prescribed the penalty to be imposed on the offender.

"No section prior to § 11 in any manner refers to any of the offenses therein stated.   We are satisfied there was no intention to subject a person

Reported below, 1 Pa. Co. Ct. 639.

The first count of the indictment set forth "that John W. Rhoads, druggist, . . . did keep a tippling house, without any license so to do first had and obtained according to law; and then and there, without such license, commonly, wilfully, unlawfully, and publicly did sell, utter, trade, and furnish and caused to be sold, uttered, traded, and furnished to (parties named) and to sundry other persons, divers quantities of whisky, brandy, rum, gin, and other spirituous and intoxicating liquors to be used as a beverage, to the evil example of all persons in like manner offending, contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The second count of the indictment charged a similar selling

guilty of the acts mentioned in the 11th section to the penalties prescribed in the 4th section. The reasonable conclusion is that § 11 was added through abundance of caution to negative any presumption that the licenses granted under §§ 2 and 3 would authorize the sale of liquor on any of the days mentioned in § 11."

"The act of 1867 is not repealed by the act of 1875. Whilst it does repeal the act of 1872, it does not refer to the act of 1867. And since the act of 1867 expressly forbids the sale of liquors without license, it seems there would be no necessity of implying a prohibition in the first three sections of the act of 1875. This act does forbid sales on Sunday, sales to minors, sales by nonresidents, etc., but it does not forbid sales without license. If the punishment pronounced on offenders in the 4th section extends to those who offend against the 8th and 11th sections, the 4th section has sufficient operation. And that it cannot refer to the preceding sections only, seems to follow upon these considerations, *viz.:* That the preceding sections could only be violated by a sale without a license. Then the penalty would be solely and only for sales without licenses.

"Now, remembering that we are endeavoring to ascertain *the intention* of the lawmaker, we see at a glance that there is a different punishment for a second offense, for those who sell *with* a license and those who sell *without* a license, for the latter class are to be imprisoned, whilst the former class forfeit the license. The section then intends to punish as well licensed as unlicensed offenders. But if it intends to punish licensed offenders, how can its operations be restricted to violations of the preceding sections only, which certainly do no more than, even if they do as much as, forbid sales without licenses? Druggists, too, selling as a beverage, are to be punished as unlicensed offenders. They are simply 'unlicensed offenders,' and are not to be liable to 'conviction and punishment *as aforesaid*,' which is the language of the 28th section of the act of 1856 (P. L. 206), which

to minors.    On the trial the court instructed the jury that the evidence was not sufficient to warrant a conviction on this count.

The jury found the following verdict: "We find the defendant guilty of selling liquor without license."

The defendant moved in arrest of judgment and for a new trial.    Afterwards, by leave of court, the motion for a new trial was withdrawn.    The court overruled the motion in arrest of judgment and proceeded to judgment on the verdict and pronounced the verdict as follows: "And now, March 8, 1886, sentence of the court is that you, Dr. J. W. Rhoads, pay a fine of $300 and cost of prosecution, or give bail to do so within thirty days; and that you are in the custody of the sheriff until sentence is complied with."

The assignments of error were as follows:

1. The court erred in proceeding to judgment on the verdict, and pronouncing sentence upon the defendant as above.

2. The court erred in not discharging the defendant as having been tried and acquitted of all the offenses legally alleged against him in the indictment.

---

was the model for the 4th section of the act of 1875.    This departure has some significance."

In Com. v. Speck, 1 Pa. Co. Ct. 633, ROWE, P. J., of the thirty-ninth judicial district says: "The act of 1875, repealing the local option law, did not contemplate a complete system of provisions regulating the sale of intoxicating liquors.    It does not seem to be a complete system, upon a general view of it; it does not, in terms, repeal any former law, and the 10th section which prescribes the condition of the bond to be given, makes it cover not only violations of the act itself, but of 'any *other* law relating to selling or *furnishing* intoxicating drinks.'    The act of 1875 concerns itself only with sales."

BUTLER, P. J., of the fifteenth judicial district of Pennsylvania, now U. S. district judge for the eastern district of Pennsylvania, held that the act of 1875 repealed the provisions of the act of 1867 as to penalties. Com. v. Lovett, 2 Pa. Co. Ct. 390.    See also the penalties recited in Chester County Law Library v. Chester County, 1 Chester Co. Rep. 181.

A jury may return a special verdict in a criminal case, which need not follow the technical language of the indictment, so long as it contains all the substantial requisites of the charge.    Com. v. Chathams, 50 Pa. 181, 88 Am. Dec. 539; Com. v. Eichelberger, 119 Pa. 254, 4 Am. St. Rep. 642, 13 Atl. 422.    But the facts thus found must be taken as the full result of their deliberations, and cannot be aided by the evidence taken at the trial, or by any extrinsic evidence.    Com v. Grimes, 116 Pa. 450, 9 Atl. 665.

*McEnally & McCurdy,* for plaintiff in error.—The act of 1856 (P. L. 200), comprises a general license law.    It gives a full exemption from its provisions to a certain class of druggists and apothecaries.

Section 5 of the act of 1856 provided "that the provisions of this act shall not extend to druggists and apothecaries who shall sell unmixed alcohol, or compound or sell any admixtures of wine, alcohol, spirituous, or brewed liquors in the preparation of medicines, or upon the written prescription of a regular practising physician :    *Provided,* That no druggist or apothecary shall sell or keep for sale under any name or pretense any preparation or admixtures as aforesaid that may be used as a beverage; and any violation of this section shall be punished in the manner prescribed in the twenty-eighth section of this act."

The twenty-eighth section contained this provision :    "And any keeper of any drug or apothecary store, confectionery, or mineral or other fountain, who shall sell any spirituous, vinous, malt, or brewed liquors, mixed or pure, to be used as a beverage, shall be deemed guilty of a misdemeanor, and liable to conviction and punishment as aforesaid."

The act of 1858 (P. L. 367), repealed expressly § 28 of the act of 1856.    This repeal, however, did not affect § 5 of the act of 1856 or the punishment prescribed therein.    Lackawaxen Turnp. Co. v. Com. 9 Pa. 20.

The act of 1867 (P. L. 41), expressly provides that it shall not be construed to repeal the provisions of the act of 1856 relating to sales by druggists and apothecaries.

The act of 1875 which repealed the local option law of 1872 (P. L. 49), re-enacted § 28 of the act of 1856, as follows : "And any keeper of any drug or apothecary store, confectionery, or mineral or other fountain, who shall sell any spirituous, vinous, malt, or brewed liquors, mixed or pure, to be used as a beverage, shall be deemed guilty of a misdemeanor, and liable to the same conviction and punishment as unlicensed offenders."

In our view, the object of the law in respect to druggists and apothecaries was to prohibit them from selling spirituous or intoxicating liquors of any kind, to be used as a beverage or common drink, but, at the same time, to allow them to furnish

such things to the public as fully as they were needed for mechanical or medicinal purposes.

There are two ways in which such druggists or apothecaries might abuse their privileges: the one was, under the false pretense of furnishing medicine, to furnish admixtures of spirituous liquors as a beverage, under the name of tonics and bitters, etc. The proviso in § 5 of the act is intended to forbid such conduct and to provide the remedy and punishment.

The other way would be by selling intoxicating and spirituous liquors to be used as a beverage. This is forbidden by § 28 of the act, and it also provides the remedy for its violation. We think that this provision of the law would be violated whenever the druggist sold spirituous or intoxicating liquors for the purpose of being used as a beverage or common drink, even if there was some pretense used to cover up that purpose. But under this section it would be necessary to prove beyond a reasonable doubt the purpose or intention of the druggist when he sold it; that is, that he sold it to be used as a beverage.

Section 5 of the act of 1856 is not affected by the act of 1875. The penalty prescribed for its violation is not to be found in the act of 1875. This latter act only provides for the punishment of sales that are contrary to its own provision. The only offense of the keeper of a drug store or apothecary store that could be against that law would be the sale of spirituous, vinous, malt, or brewed liquors, to be used as a beverage. Under both the acts of 1856 and 1858, the fine for the first offense is not less than $10 nor more than $100.

When a defendant has been once tried for an offense, upon an indictment on which he could have been legally convicted and sentenced, he cannot be legally tried again, at least where the defendant has done nothing to set aside the verdict. Sharff v. Com. 2 Binn. 514; Girts v. Com. 22 Pa. 351; Heikes v. Com. 26 Pa. 514; Com. v. Trimmer, 84 Pa. 65; People v. Barrett, 1 Johns. 66.

The court, under its view of the law, held that the defendant could not be convicted of selling liquor without license, if he sold without the prescription of a physician, no matter whether he did or did not sell it to be used as a beverage. If this construc-

tion was right, the count might be considered as including two offenses: 1, the offense charged, of selling liquor to be used as a beverage; and 2, the offense of simply selling without license.

The jury found the defendant guilty of selling without license. The silence of the jury in regard to the other charges is equivalent to a verdict of not guilty as to them.

An indictment for a statutory offense must pursue the words of the act. 1 Purdon's Digest, 485, pl. 11; Updegraff v. Com. 6 Serg. & R. 5.

It must appear that the sale of liquor by a druggist was for use as a beverage, to constitute a violation of the law. Com. v. Porter, 10 Phila. 217, and Com. v. Patterson, 16 W. N. C. 193.

*S. V. Wilson,* District Attorney, for defendant in error.— Under the act of 1875 defendant is liable as an unlicensed offender; and it matters not whether he sells in a drug store or any other place.

Under § 5 of the act of 1856, even the mere keeping, though he does not sell, is a violation, if this law has any meaning or is capable of being understood by its words "shall sell or keep for sale."

The defendant here was indicted under the act of 1875 for selling without license. He is to be punished under the act of 1875, as an "unlicensed offender." The very terms used go to prove the right to indict him as selling without license. The only way that the evil recognized by the settled customs and habits of the people in buying without a prescription may be abated, is to punish the druggist as an unlicensed offender. The act of 1856 is fully supplied by the act of 1875.

The defendant here alleges an erroneous ruling of a judge; by setting up this position he is afterwards estopped. He affirms by his action that he never was in legal jeopardy, and that the ruling of the judge against putting him in jeopardy was not law. When he gains his point he cannot afterward plead jeopardy. Wharton, Crim. Pl. & Pr. p. 354, § 510.

When there are two good counts in the indictment and the court gives erroneous instructions to the jury as to one of the

counts, and there is a general verdict against the defendant and judgment thereon, a *venire de novo* will be awarded. Id. § 800; State v. McCauless, 31 N. C. (9 Ired. L.) 375.

Assuming it to be law in all cases when the application comes from the defendant, it is discretionary in the court to grant new trials in the cases in which that discretion may be exercised. Wharton, Crim. Pl. & Pr. § 792.

When there has been an acquittal on one count and a conviction on another, and the counts are for distinct offenses, a new trial can only be granted on the count on which there has been conviction. Id. § 895.

If this is an imperfect judgment on which no judgment could be entered a *venire facias de novo* will be awarded. 1 Chitty, Crim. L. p. 646.

Even if there be a discharge in a misdemeanor, by reason of an imperfect verdict, it would be no bar to another prosecution or to reindictment.

OPINION BY MR. JUSTICE GREEN:

If the defendant had been indicted generally and as an ordinary person, for selling liquor without license, the verdict would have sustained the sentence and there would have been no error in the judgment. But he was not so charged. He was indicted specifically as a druggist for selling liquor, without license, to be used as a beverage. The verdict found him guilty of selling liquor without license simply, saying nothing about its being used as a beverage. The difficulty in the case is that as a druggist he was not necessarily guilty of any offense in the mere selling of liquor without license. He might sell without license, if he sold it in the preparation of medicine or on the prescription of a physician.

Had the jury found a general verdict of guilty there could have been no exception to it. But for some reason they did not do that, but found only a certain fact, and that fact against such a person is not of itself sufficient to convict of any crime. If the jury wished to find the facts specially, of course it was their duty to find all the facts which composed the crime charged. It is clear that under this indictment the defendant, being charged

with selling liquor as a druggist, must be found to have sold it, not in the preparation of medicines and without the prescription of a physician, or at least that he sold it to be used as a beverage. Any one or all of these facts would have been presumed to be found had the verdict been generally guilty. But that not being the case, and only a part of the facts being found which are necessary to make out a crime against a person charged as this defendant was, it follows that the verdict is insufficient to sustain the sentence. Of course, if the indictment had been general and the defefndant pleaded that he sold as a druggist, the burden of proof would have been upon him to show all the facts which gave him exemption. But as it was, the commonwealth, conceding the defendant to be a druggist, assumed the burden not only of charging but of proving his technical guilt as such. Failing to obtain either a general verdict of guilty or a special verdict which found all the facts essential to establish the charge, the judgment should have been arrested.

As the defendant was certainly in jeopardy under the indictment and the evidence, we do not see how he can be again tried under the same indictment.

The judgment of the court below is reversed, the sentence is set aside and the defendant discharged without day.